IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lynch, II, | Civil Action No. 3:24-cv-2857-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Jessica Alba, a/k/a Jessica Aber, Federal Prosecutor in Richmond, Virginia; Chief of Security; and Justin W. Williams, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint regarding his medical license in Connecticut.  ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On June 5, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be transferred to the Eastern District of Virginia.  ECF No. 6.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed a letter regarding his hospital visits, a notice of documentation of homelessness, and a notice of change of address. ECF Nos. 9, 10, 11.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be transferred to the Eastern District of Virginia, as venue is improper in South Carolina. ECF No. 9 at 2-3. Plaintiff's various filings do not substantively respond to or otherwise object to this recommendation.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's filings, the court agrees with the Report's finding that venue is improper in South Carolina. Plaintiff stated in his Complaint that he previously filed suit in the Virginia District Court. ECF No. 1 at 5; Case No. 3:23-cv-00715-HEH (E. D. Va.).[1] Plaintiff was given an opportunity to amend his Complaint to avoid dismissal in that court but failed to do so. Accordingly, the court declines to accept the Report's recommendation to transfer venue. This matter is hereby summarily dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) ("The district court in which is filed a case laying venue in the wrong division or district shall dismiss,

---

[1] This court may take judicial notice of matters of public record. *See Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009).

or if it be in the interest of justice, transfer such case to any district or division in which it could

have been brought.").[2]

      **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 2, 2024

---

[2] Plaintiff's pending motions (ECF Nos. 2, 5) are dismissed as moot.

3